# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00704-CV

**Appellants, Dennis White and Karen Hamlett f/k/a Karen Baugh//
Cross-Appellant, Larry Baugh**

**v.**

**Appellee, Larry Baugh//Cross-Appellees, Dennis White and
Karen Hamlett f/k/a Karen Baugh**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 487,260, HONORABLE PETER M. LOWRY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellants/cross-appellees Dennis White and Karen Hamlett f/k/a Karen Baugh filed their notice of appeal on October 20, 2005. Appellee/cross-appellant Larry Baugh filed his notice of cross appeal on November 2, 2005. On March 21, 2006, a court reporter who sat for a portion of the underlying trial in the district court notified the parties that the trial exhibits were "missing and/or lost." Because of the missing exhibits, on April 19, 2006, and May 12, 2006, this Court set new deadlines for filing the reporter's record and White and Hamlett's brief. The final volume of the reporter's record was filed on June 16, 2006, without the trial exhibits. White and Hamlett have not filed their brief.

Baugh filed a motion to dismiss, alleging that White and Hamlett have failed to respond to a notice from the clerk requiring action within a certain time and failed to prosecute their

appeal. *See* Tex. R. App. P. 42.3(b), (c). Baugh further asserted that he had made two unsuccessful attempts to reach an agreement on replacement of the missing exhibits by identifying the trial exhibits.

White and Hamlett, who have new counsel on appeal, respond that Baugh has not provided them with actual copies of the trial exhibits that he identified. They state that their trial counsel have only provided their appellate counsel with three documents. They also state that they are unwilling to stipulate to the validity of the exhibits Baugh identified until they determine whether the exhibits Baugh identified actually represent all of the trial exhibits.

Because the parties are unable to agree on the replacement of the trial exhibits for inclusion in the reporter's record, we deny Baugh's motion to dismiss, abate this appeal, and order the district court to conduct a hearing to determine whether the missing exhibits may be replaced with copies that "accurately duplicate with reasonable certainty the original exhibit[s]." *See* Tex. R. App. P. 34.6(f)(4).

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Filed: September 1, 2006

2